NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2687-15T4

SHAWN JULY,

 Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

 Respondent.
____________________________

 Submitted June 8, 2017 – Decided July 11, 2017

 Before Judges Lihotz and Whipple.

 On appeal from New Jersey Department of
 Corrections.

 Shawn July, appellant pro se.

 Christopher S. Porrino, Attorney General,
 attorney for respondent (Lisa A. Puglisi,
 Assistant Attorney General, of counsel; Nicole
 E. Adams, Deputy Attorney General, on the
 brief).

PER CURIAM

 Shawn July, an inmate at New Jersey State Prison in Trenton,

appeals from a May 6, 2015 final decision from the New Jersey
Department of Corrections regarding the calculation of gap-time

credits. We affirm.

 On June 25, 1999, July began serving a five-year maximum

sentence for unlawful possession of a firearm, possession of a

controlled dangerous substance (CDS), distribution of a CDS,

conspiracy to distribute a CDS, receiving stolen property, and

resisting arrest. On January 6, 2002, July was sentenced to an

aggregate twenty-year term with an eighty-five percent period of

parole ineligibility, pursuant to the No Early Release Act (NERA),

N.J.S.A. 2C:43-7.2, for aggravated manslaughter and unlawful

possession of a weapon. The 2002 sentence ran concurrent to the

1999 sentence, totaling an aggregate maximum sentence of twenty-

two years, six months, and thirteen days. July was awarded 927

days of gap-time credit for the time he spent incarcerated between

the 1999 conviction and the 2002 conviction.

 On February 10, 2015, July filed an inmate grievance form

seeking a correction to his sentence and arguing his gap-time was

not applied. Department of Corrections staff responded on April

6, 2015, indicating the gap-time credits are included in his

calculation. July appealed from this determination on April 9,

2015, again arguing the credits were incorrectly calculated. A

final decision from May 6, 2015, stating the gap-time credits had

been included. July subsequently appealed from the final decision.

 2 A-2687-15T4
 July argues the agency did not correctly apply his gap-time

credits to his sentence. We disagree.

 Gap-time credits are awarded when a defendant has been

previously incarcerated and is sentenced to another term "for an

offense committed prior to the former sentence." N.J.S.A. 2C:44-

5(b)(2). Then, the defendant shall be credited with time served

in imprisonment on the prior sentence in determining the

permissible aggregate length of the term . . . remaining to be

served." Ibid. These credits cannot be used to reduce an inmate's

mandatory sentence, which is what July seeks here. N.J.A.C. 10A:9-

5.2(c). These credits "advance the date on which a defendant

first becomes eligible for parole," but only when "neither a

judicial nor a statutory parole bar has been imposed." State v.

Hernandez, 208 N.J. 24, 38-39, 41 (2011) (citing Booker v. N.J.

State Parole Bd., 136 N.J. 257, 261, 263-65 (1994)).

 July began serving his aggravated manslaughter sentence on

January 7, 2002. July's mandatory minimum of seventeen years for

this conviction expires on January 6, 2019, and the agency listed

July's maximum and minimum date as January 6, 2019. The maximum

for this conviction is twenty years. July was awarded 927 days

of gap-time credits and 400 days of work credit by the court.

Together, these credits reduce the maximum twenty-year sentence

 3 A-2687-15T4
to the mandatory minimum of seventeen years because the credits

cannot reduce the sentence below the mandatory minimum.

 Gap-time credits are governed by N.J.A.C. 2C:44-5(b).

"Unlike jail credits, gap-time credits are applied to the 'back

end' of a sentence." Hernandez, supra, 208 N.J. at 38. Gap-time

credit will not reduce the period of parole ineligibility imposed

by NERA. Id. at 41. July's aggravated manslaughter conviction

requires he serve a term of seventeen years before he is eligible

for parole; gap credits cannot reduce that term. Thus, the

agency's decision was not arbitrary or capricious.

 Affirmed.

 4 A-2687-15T4